UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

METROPOLITAN MORTGAGE & SECURITIES CO., INC. and SUMMIT SECURITIES, INC.

Plaintiffs,

v.

PRICEWATERHOUSECOOPERS, LLP

Defendant.

No. CV-05-290-FVS

ORDER DENYING MOTION TO DISMISS

**BEFORE THE COURT** is Defendant's Motion to Dismiss, Ct. Rec. 18. The Court heard oral argument on this matter on December 13, 2005. Plaintiffs were represented by Parker Folse; Defendant was represented by Robert Varian.

## I. BACKGROUND

Defendant served as Plaintiffs' independent auditor in connection with the financial statements Plaintiffs issued for fiscal years ending September 30, 1999 and 2000. On February 4, 2004, Plaintiffs filed for bankruptcy. On September 21, 2005, Plaintiffs filed this action against Defendant, alleging that the 1999 and 2000 financial statements audited by Defendant violated Generally Accepted Accounting Principles ("GAAP"), standards of professionalism, and standards of field work. Plaintiffs' Complaint asserts claims for professional negligence, negligent misrepresentation, and breach of contract. Pursuant to Federal Rule of Civil Procedure 12(b), Defendant moves to dismiss these claims. First, Defendant contends Plaintiffs' claims

are barred by Washington's three-year statute of limitations. Second, Defendant alleges Plaintiffs' claims are barred by the doctrine of *in pari delicto* and imputation. Third, Defendant contends Plaintiffs' claims fail because they cannot establish causation, damages or injury. Finally, Defendant contends Plaintiffs' negligent misrepresentation claim must be dismissed because Plaintiffs cannot establish they reasonably relied on Defendant's audits or reports.

**II. DISCUSSION**

***A. Applicable Standard***

Federal Rule of Civil Procedure 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted. A court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). However, the Court is not required to accept as true unreasonable inferences, conclusory allegations that are contradicted by documents referred to in the complaint. *Steckman*

*v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[1]

***B. Jurisdiction***

Since federal jurisdiction in this case is based on diversity of citizenship, the Court must apply the substantive law of the State of Washington. *Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 695 (9th Cir 1991) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

***C. Statute of Limitations***

For the reasons discussed herein, the Court concludes that Plaintiffs' breach of contract claim is governed by the six-year statute of limitations for written contracts, RCW 4.16.040(1). Further, the Court concludes Plaintiffs' claims for professional negligence and negligent misrepresentation, governed by the three-year statute of limitations, are not time-barred.

1. Six-Year Statute of Limitations

Defendant contends all of Plaintiffs' claims sound in tort and are therefore governed by Washington's three-year statute of limitations. *See* RCW 4.16.080. Plaintiffs contends their breach of contract claim is governed by the six-year statute of limitations applicable to actions based "upon a contract in writing, or liability

---

[1] Although Defendant sought judicial notice of several documents in its written submissions, Defendant appeared to withdraw its request during oral argument. Thus, the Court does not rule on Defendant's Request for Judicial Notice.

express or implied arising out of a written agreement." RCW 4.16.040(1).

In deciding whether an action sounds primarily in contract or tort, the Court must examine the essential allegations of the complaint. *Yeager v. Dunnavan*, 26 Wash.2d 559, 562, 174 P.2d 755 (1946). "When an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby, the action is in contract." *Id.* On the other hand, when a contract for services forms a relationship between the parties and, in attempting to perform the promised services, one of the parties violates a duty imposed by law as a result of the relationship, then the action sounds in tort. *Id.* In such cases, the contract is considered merely the "inducement" of the relationship that gave rise to the legal duty, and the basis of the claim is the breach of the duty, not a breach of the contract. *Id.*

Defendant relies on *Davis v. Davis Wright Tremaine, L.L.P.*, 103 Wash. App. 638, 14 P.3d 146 (Div. 1, 2000), to argue that Plaintiffs' claim for breach of contract actually sounds in tort and is therefore governed by the three-year statute. In *Davis,* Division One of the Washington State Court of Appeals held that the six-year limitations period did not apply to the plaintiff's claim that his attorney, who had been retained to represent the plaintiff in the purchase of an opthamology practice, committed legal malpractice by failing to properly perform legal services contracted for by the parties. *Davis*, 103 Wash. App. at 641, 14 P.3d 146 (2000). The attorney sent the

plaintiff a letter of engagement stating, in part, that the law firm "will do our best to provide you with prompt, high quality legal counsel." A separate document enclosed with the letter stated that "[the law firm] will at all times act on your behalf to the best of our ability." *Id.* at 642, 14 P.3d 146. The plaintiff later sued his attorney for legal malpractice, asserting claims for negligence and breach of contract based on allegations that his attorney had failed to conduct due diligence to check for claims against the seller of the practice *Id.* at 643, 14 P.3d 146. The plaintiff argued his breach of contract claim was governed by the six-year statute of limitations because his action was based on the attorney's breach of the terms of the letter of engagement. *Id.* at 645, 14 P.3d 146. The Court of Appeals disagreed, holding that the action was not based on a contract in writing because the agreement at issue did not contain any express promises that served as the basis for the pending claims. *Id.* at 652, 14 P.3d 146. Further, the court held that the plaintiff's claims were not based upon "a liability express or implied arising out of a written agreement" because the attorney's duty to comply with the relevant standard of care arose "from sources external to the agreement." *Id.* at 654, 14 P.3d 146. Because the plaintiff's claim was based on implied duties of counsel to client rather than the written agreement itself, the six-year statute of limitation did not apply. *Id.*

In the present action, Defendant relies on *Davis* to argue that the gravamen of Plaintiffs' breach of contract claim is actually Defendant's alleged negligence and that therefore, the three-year

statute of limitations for tort actions must apply. However, the terms of Defendant's engagement letters stand in stark contrast to the engagement letter in *Davis*. For example, Defendant expressly promised in its 1999 and 2000 engagement letters that it would:

> (1) "plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatements"
>
> (2) examine "evidence supporting the amounts and disclosures in the financial statements"
>
> (3) assess "accounting principles used and significant estimates made by management"
>
> (4) evaluate "the overall financial statement presentation"
>
> (5) "consider [Plaintiff's] internal control over financial reporting"
>
> (6) design the audit to obtain reasonable assurance of detecting errors or fraud "that would have material effect on the financial statements"
>
> (7) communicate to the board of directors "any significant deficiencies relating to internal control over financial reporting identified during [the] audit" and "any illegal act, material errors, or evidence that fraud may exist identified during [the] audit."

Complaint, at ¶¶ 73-78. Plaintiffs' Complaint expressly alleges it has suffered damages as a result of Defendant's breach of each of these specific provisions.

Thus, unlike *Davis*, Plaintiffs' claim for breach of contract does arise from specific provisions of the agreement and does not depend entirely on importing implied tort duties of care extraneous to the obligations of the written agreement. Plaintiffs' breach of contract claim is not based solely on Defendant's agreement to perform the audit in accordance with auditing standards generally accepted in the United States. Rather, Plaintiffs' Complaint specifically alleges it has suffered damages as a result of Defendant's breaches of the

specific terms of the 1999 and 2000 agreements. To conclude that Plaintiffs' claim sounds only in tort would effectively render the written agreement between the parties meaningless and unenforceable. Thus, the Court determines Plaintiffs' breach of contract claim is governed by the six-year statute of limitations. Even if Plaintiffs' claim accrued when Defendant issued its audit reports in November 1999 and December 2000, the six-year statute of limitations expires no earlier than November 2005 and December 2006. Thus, Plaintiffs' breach of contract claim is not barred by the statute of limitations.

2. Three-Year Statute of Limitations

RCW 4.16.080 prescribes a three-year statute of limitation on tort claims (i.e., professional negligence and negligent misrepresentation). Defendant argues Plaintiffs' claims for negligent misrepresentation and professional negligence began to run on November 19, 1999, and December 28, 2000, the date of Defendant's audit opinions, and are therefore barred by the three-year statute of limitations. Plaintiffs argue the discovery rule applies to their claims and they did not, and in the exercise of due diligence, could not have discovered the alleged material deficiencies in Defendant's 1999 and 2000 audit reports until the time immediately preceding Plaintiffs' bankruptcy filings in February 2004.

Under Washington's discovery rule, a cause of action does not accrue and the statute of limitations does not start to run "until a party knew or should have known the essential elements of the cause of action--duty, breach, causation and damages." *Niven v. E.J. Bartells Co.*, 97 Wash. App. 507, 514, 983 P.2d 1193 (Div. 1, 1999)(citation

omitted). "The determination of when the plaintiff discovered or through the exercise of due diligence should have discovered the factual basis for a cause of action is a factual question for the jury." *Crisman v. Crisman*, 85 Wash. App. 15, 23, 931 P.2d 163 (1997) (citing *Samuelson v. Community College Dist. No. 2*, 75 Wash. App. 340, 346, 877 P.2d 734 (1994). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)(citation and internal quotation omitted). A "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citation omitted).

Plaintiffs' Complaint expressly alleges that the accounting irregularities in question were discovered only when Paul Sandifur resigned as Metropolitan's president, CEO, and Chairman of the Board and Plaintiffs filed for bankruptcy in February 2004. Complaint, at ¶ 10. Further, Plaintiffs contend there is a genuine issue of fact as to when Plaintiffs suffered a cognizable injury flowing from Defendant's alleged negligence and as to when Plaintiffs learned about the injury. *See Richardson v. Denend*, 59 Wash. App. 92, 96, 795 P.2d 1192 (1990) (explaining that the discovery rule has consistently been applied by Washington courts "to toll the statute of limitations until the plaintiff discovers, or should have discovered, his or her damage or injury resulting from the professional malpractice."). Defendant

argues that because Paul Sandifur and other members of Plaintiffs' former management, who were responsible for preparing the financial statements, actively concealed Plaintiffs' financial condition in those statements, Plaintiffs must be deemed to have been aware of their own misconduct at the time it occurred. Therefore, Defendant contends Plaintiffs must be deemed to have been aware of Defendant's alleged failure to detect violations of auditing principles at the time its reports were issued. Thus, Defendant argues Plaintiffs' claims are time-barred because the statute of limitations on Plaintiffs' claims began to run on the date Defendant issued the audit reports, November 19, 1999, and December 28, 2000.

The Complaint, however, does not allege, with the exception of Paul Sandifur, that Plaintiffs were aware of accounting irregularities that Defendant failed to detect. And, with respect to Paul Sandifur, Plaintiffs have not alleged he was aware that Defendant's conduct constituted a breach of applicable accounting standards of care. Additionally, with respect to Plaintiffs' allegation that the audited financial statements failed to conform to GAAP, Plaintiffs specifically allege the 1999 and 2000 statements "violated standards concerning recognizing gains on related party transaction, reporting gains on commercial real estate transactions, recognizing loan fees and interest income, and relying on overly optimistic appraisals in valuing real estate in assessing the carrying value of assets." Complaint, at ¶ 21. Plaintiff cites two transactions as examples: the Koa Timber Transaction and the FLIP Tax Shelter. Plaintiffs' Complaint does not allege that Defendant was deceived with respect to

these transactions or assets in the financial reports.

Defendants claiming the action is time-barred have the initial burden of showing the absence of an issue of material fact. *Niven*, 97 Wash. App. at 514, 983 P.2d at 1197 (citation omitted). Here, Defendant has not shown on the basis of the Complaint's allegations that Plaintiffs will never, under any state of facts, be able to prove they could not have discovered their tort claims against Defendant until February 2004. Accepting as true Plaintiffs' allegations, the Court assumes, for purposes of this motion to dismiss, that Plaintiffs' claims for negligence and negligent misrepresentation did not accrue until February 2004. The actual determination of when Plaintiffs discovered or through the exercise of due diligence should have discovered their cause of action is a factual question for the jury. *Crisman*, 85 Wash. App. at 23, 931 P.2d 163. Thus, the Court cannot rule, as a matter of law, that these claims are barred by the statute of limitations. Accordingly, Defendant's motion to dismiss on this basis is denied.

***D. Doctrine of In Pari Delicto***

Defendant contends Plaintiffs' claims must be dismissed under the doctrine of *in pari delicto*. "The general rule of *in pari delicto* is that when the parties are of equal guilt, the defendant will prevail." *Walsh v. Brousseau*, 62 Wash. App. 739, 745, 815 P.2d 828 (Div. 1, 1991) (citing *Goldberg v. Sanglier*, 96 Wash.2d 864, 882, 639 P.2d 1347 (1982) ("The maxim 'in pari delicto potior est conditio defendentis' declares that the defendant will prevail when the parties are of equal guilt.")). "Where the parties are not equally culpable, the defense

of in pari delicto is not appropriate." *Goldberg*, 96 Wash.2d at 883-84, 639 P.2d 1347.

Defendant bases its reliance on this defense on the fact that Sandifur concealed the financial performance of the Plaintiff companies. Plaintiffs' Complaint does allege this fact, but it also alleges the companies' financial statements failed to conform to applicable accounting principles and did not fairly present the true financial condition of the Plaintiff companies. *See* Complaint, at ¶¶ 3, 12-14, 18. Whether both parties are indeed of "equal guilt" is a factual issue that precludes granting a motion to dismiss. Whether Defendant is as blameworthy as Sandifur and Plaintiffs' management is an issue of fact that cannot be decided based on the Complaint alone. Therefore, the Court denies Defendant's motion to dismiss under the doctrine of *in pari delicto*.

***E. Causation, Damage & Injury***

To survive a motion to dismiss, Plaintiffs need only allege a basis for concluding that Defendant's breach of its duties, "in a direct sequence unbroken by any new independent cause, produce[d] the injury complaint of, and without which such injury would not have happened." *Fisher v. Parkview Progs., Inc.*, 71 Wash. App. 468, 476 (1993). Defendant argues Plaintiffs' claims should be dismissed because they cannot establish proximate cause, damage, or injury. Specifically, Defendant contends Plaintiffs' claimed injuries are self-inflicted and therefore, Plaintiffs cannot establish Defendant was the proximate cause of a compensable injury to Plaintiffs.

Here, taken as true, Plaintiffs' allegations are sufficient to

adequately plead causation to survive a motion to dismiss. Plaintiffs' Complaint alleges that if Defendant had discharged its duties, damages to Plaintiffs would have been averted, despite the companies' deficient internal controls and accounting systems. The Complaint alleges that independent directors and officers and regulators were unaware of the companies' true financial condition because they relied on the allegedly inaccurate audit reports. Further, Plaintiffs allege that Defendant's failure to alert them of those and other deficiencies prevented independent directors, officers, and regulators from acting to save the companies. *See* Complaint, at ¶¶ 14, 43-44, 51-52, 57-59, 62, 68-69. Furthermore, Defendant's argument ignores the possibility that "[t]here may be more than one proximate cause of an injury...[a]nd the concurrent negligence of a third party does not break the chain of causation between original negligence and the injury," *Travis Bohannon*, 128 Wash. App. 231, 242, 115 P.3d 342 (Div. 3, 2005), because Plaintiffs do not allege that deficiencies in their internal controls and accounting systems were the sole cause of Plaintiffs' damages.

Thus, the Court concludes Plaintiffs' Complaint does not support a lack of proximate cause as a matter of law. Whether Plaintiffs can ultimately establish proximate cause is an issue of fact not ripe for resolution in a motion to dismiss. Accordingly, Defendant's motion to dismiss is denied on this basis.

***F. Reliance***

To prove a claim for negligent misrepresentation under Washington law, Plaintiffs must show reasonable reliance. *ESCA Corp. v. KPMG*

*Peat Marwick*, 135 Wash.2d 820, 959 P.2d 651, 654 (1998). Defendant moves to dismiss Plaintiffs' negligent misrepresentation claim, arguing Plaintiffs cannot show they justifiably relied on the allegedly inaccurate audit reports because they had sufficient prior notice that the financial statements relied upon by Defendants to create the audit reports were inaccurate. Defendant alleges the Complaint shows just the opposite-that if anything, Defendant over-relied on Plaintiffs' management's misrepresentations in certifying the financial statements audited by Defendant. Defendant relies in large part on *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959 (9th Cir. 1990).

In *Smolen*, the sellers of a business brought suit against their auditors for negligent misrepresentation after the company adjusted its financial statements to account for grossly overstated inventory. 921 F.2d at 961-63. The district court dismissed the claim on summary judgment. On appeal, the plaintiffs argued that because they relied on the financial misstatements in connection with selling the company, they were entitled to recover the value lost on the company's sale price after the adjustment to inventory. *Id.* at 963. The Ninth Circuit affirmed the district court, concluding that "[e]xtensive evidence ... established that Smolen did not actually rely" on the audit reports and that the plaintiffs' prior knowledge of the overstatements gave them "sufficient notice" of the misstatements in their financial statements "and thus made any reliance by appellants unreasonable." *Id.* at 964-65.

Here, Plaintiffs' Complaint does not allege Plaintiffs were aware

of Defendant’s alleged wrongdoing or that Plaintiffs knew Defendant’s audits of the companies’ financial statements allegedly violated GAAP and GAAP. Although the Complaint alleges Sandifur concealed the Plaintiff companies’ financial condition, it does not allege, as Defendant contends, that Plaintiffs engaged in fraudulent business activities. Rather, the Complaint alleges that the Plaintiff companies were plagued with accounting irregularities, inexperience, and internal control deficiencies; that independent directors and officers did not know the true gravity of the companies’ financial condition; and that those directors and officers trusted Defendant and justifiably relied on its representations to reveal the true condition of the companies’ finances. *See* Complaint, at ¶¶ 4, 13, 14, 69. Assuming the truth of Plaintiffs’ allegations, the Court cannot conclude Plaintiffs had sufficient prior notice that the information Defendant relied upon was incorrect such that any reliance by Plaintiffs was unreasonable. Thus, the Court concludes that Plaintiffs’ allegations are sufficient to adequately plead reasonable reliance and Defendant's motion to dismiss on this basis is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, **Ct. Rec. 18**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 21st day of December, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge