UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| METROPOLITAN MORTGAGE & SECURITIES CO., INC. and SUMMIT SECURITIES, INC.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS, LLP<br><br>　　　　　Defendant. | No. CV-05-290-FVS<br><br>ORDER APPROVING STIPULATED PROTECTIVE ORDER |

The Court, being fully advised, now, therefore,

**IT IS HEREBY ORDERED** that the parties Stipulated Motion for Protective Order, **Ct. Rec. 47 and 48** are **GRANTED**. The Court approves the following protective order.

In order to protect the confidentiality of information obtained by the parties in connection with the consolidated cases above, the parties, through their counsel of record, hereby agree as follows:

　　A.　Any party or non-party may designate as "Confidential," as set forth herein, any document or information the party or witness considers in good faith to contain non-public, confidential, trade secret, proprietary, or private financial information subject to protection under the Federal Rules of Civil Procedure (hereinafter referred to as "Confidential Information").

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 1

B.   A party or non-party may designate a document produced by it that that party or witness considers in good faith to contain Confidential Information by marking the document "Confidential."

C.   A party or non-party may designate information disclosed by it during a deposition or in response to written discovery that that party or witness considers in good faith to contain Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript (or videotape) of such material.  Both the non-confidential and confidential transcripts (or videotapes) shall use a single set of continuous numbers so that the continuity of the deposition transcript pagination is maintained.  Additionally a party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript (or portions of the videotape) and/or specific responses be treated as Confidential Information.  All costs associated with the preparation of separate confidential and non-confidential transcripts and videotapes or of executing procedures for denominating Confidential Information in transcripts as referenced in this Section shall be borne by the designating party who shall also arrange for separate payment for such services through the service provider(s).

D.   Any Confidential Information that is inadvertently produced without written notice or identification as to its confidential

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 2

nature may be so designated in writing by the producing party after the realization that the Confidential Information has been produced without such designation. However, until the discovery materials are designated Confidential as set forth above, the parties shall be entitled to treat the material as non-confidential. Upon designation, such Confidential Information shall then be treated as Confidential in accordance with the provisions of this Order.

    E.  Any non-designating party may object to any confidentiality designations or any proposed confidentiality designations in writing or on the record. Upon such an objection, the parties shall follow the procedures described in paragraph J below. After any confidentiality designation is made according to the procedures set forth in paragraphs B, C, or D, the designated documents or information shall be treated as confidential until the objection is resolved according to the procedures described in paragraph J below.

    F.  No Confidential Information may be used for any purpose other than litigation of (i) this action, (ii) any other action or dispute involving the defendant in this action and Metropolitan Mortgage & Securities Co., Inc. ("Metropolitan") or Summit Securities, Inc. ("Summit") or any subsidiary of Metropolitan or Summit (including, but not limited to, Western United Life Assurance Co.) or any receiver or statutory successor to those entities (collectively, "the Metropolitan Group"), or (iii) any investigatory or enforcement proceeding brought by any federal or state agency

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 3

against the defendant in this action relating to the Metropolitan Group (the actions and proceedings described in i, ii, and iii are collectively referred to herein as "the Actions"), provided that any party to this action that discloses Confidential Information, which was designated confidential by another party or non-party in this action, in another action obtains the agreement of all parties to that other action to be bound by this Order prior to such disclosure. Notwithstanding the foregoing, no Confidential Information produced by a party or non-party in this case may be provided by the recipient(s) to any party in In re Metropolitan Securities Litigation, Case No. CV-04-025-FVS (E.D. Wa.), until the stay of discovery imposed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B), has been lifted in that action.

  G. Except with the prior written consent of the party or non-party designating documents or other information confidential or upon prior order of this Court obtained upon notice to such other counsel, Confidential Information shall not be disclosed to any person other than:

    1. Counsel of record for the respective parties to the Actions, including in-house counsel, co-counsel or insurance counsel;

    2. Employees of such counsel assisting in the conduct of the Actions for use in accordance with this stipulation and order;

    3. The parties to the Actions (including their partners and employees);

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 4

4. Consultants or experts retained for the prosecution or defense of the Actions, provided that each such consultant or expert shall have executed a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information) before being shown or given any Confidential Information;

5. Any authors of the Confidential Information and any individuals shown to have been an original recipient of the Confidential Information;

6. The Court, court personnel, and court reporters in the Actions;

7. Any mediator retained by any two or more parties to the Actions, provided that each mediator shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

8. Any arbitrator retained by any two or more parties to the Actions, provided that each arbitrator shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

9. Persons engaged by any counsel or party to the Actions to photocopy, image, or maintain the Confidential Information;

10. Witnesses (other than persons described in paragraph G(5)). A witness shall be requested to sign the Certification before being shown Confidential Information. Any witness who will not sign

the Certification as requested may nevertheless be shown Confidential Information only in a deposition (or at trial as provided for in paragraph N). At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph C above. Witnesses who will not sign the Certification as requested but who are shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information;

       11. Other persons only (i) after notice to all parties and upon order of the Court, or (ii) upon written consent of the producing party.

       12. Under no circumstances shall any Confidential Information, or information set forth in or derived from Confidential Information, be communicated, directly or indirectly, to any member or form of the press or media without the prior consent of the party or non-party that designated the Confidential Information.

   H. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelope or container, a copy of the first page of the document(s) shall be attached. If Confidential Information is included in the first page attached to the outside of the envelope or container, it may be

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 6

deleted from the outside copy.  The word "CONFIDENTIAL" shall be stamped on the envelope or container and a statement substantially in the following form shall also be printed on the envelope:

> This envelope or container is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed except by Order of the Court or agreement by the parties.

In the event that the Court's local rules are amended to provide for filing documents under seal using the Court's electronic case filing procedures, those procedures may be followed in lieu of the procedures described in the preceding paragraph.

    I.   Information produced by non-parties may be designated as "Confidential" pursuant to paragraphs B, C, or D of this Order. Nothing herein shall restrict a party or non-party from using or disclosing its own Confidential Information in any manner it deems appropriate.

    J.   If a party contends that any material designated as "Confidential" is not entitled to confidential treatment, that party may at any time give written notice challenging the designation to the party that designated the material (the "designating party") as "Confidential."  The designating party shall respond in writing to the notice challenging the designation within 20 days, or within such other period of time as may be agreed upon by the parties.  If the designating party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal.  If the parties are unable to resolve their dispute over the designation of

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 7

the material, any party may move the Court for an order removing the designation or affirming that the designation was properly made. In the event that any such motion is made, the party that designated the material as "Confidential" shall have the burden of establishing that the material is entitled to confidential treatment.

    K.   Notwithstanding any challenge to the designation of material as Confidential Information, all material shall be treated as confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

        1.   The party or non-party who designated the material as Confidential Information withdraws such designation in writing; or

        2.   The Court rules the material is not Confidential Information.

    L.   In the event any Confidential Information is subpoenaed or requested during the pendency of any of the Actions by any court, regulatory, administrative, law enforcement or legislative body or any person or litigant purporting to have authority to subpoena or request such information, including requests based on any state or federal Freedom of Information Act, no Confidential Information shall be so disclosed without first giving fourteen (14) calendar days' advance written notice to the party or non-party that designated the Confidential Information, so as to enable the party or non-party to have a reasonable opportunity to seek appropriate relief.

    M.   All provisions of this Order restricting the communication

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 8

or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the Actions, a party in the possession of documents designated Confidential, other than that which is contained in discovery responses, deposition transcripts and documents filed with the Court, shall either (a) return such documents no later than 90 days after termination of the last Action, to counsel for the party or non-party who provided such documents, or (b) destroy such documents within 90 days upon consent of the party or non-party who provided the documents, and certify in writing within 90 days that the documents have been destroyed.

N.   The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.

O.   Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

P.   Nothing herein shall limit, expand, supersede or in any way alter or modify any other protective order or confidentiality agreements that have been entered into by any of the parties to this Order or in any of the Actions, including the Stipulated Protective Order and Confidentiality Agreement Regarding Disclosure of Financial Information for Settlement Purposes entered by this Court and the Bankruptcy Court on or about February 15, 2005, and the Stipulated

Protective Order And Confidentiality Agreement regarding the confidentiality of legal billing information entered by the Bankruptcy Court on or about November 1, 2004.  All such other protective orders and confidentiality agreements in any of the Actions shall remain in full force and effect.

    Q.   This Order may only be modified by the written consent of all parties to the Order and the Court, or, with respect only to the Confidential Information of a specific party or non-party, by the written consent of that party or non-party that designated the Confidential Information.  Nothing contained herein shall be construed or applied to alter or limit the rights of any party under any applicable insurance parties.  This Order shall not prevent any party from later seeking to modify its terms or from seeking any such further provisions or relief as may be deemed appropriate or desirable.

    R.   The parties will remain bound by this Order and the Court shall retain jurisdiction to enforce this Order after termination of the Actions.

**CERTIFICATION**

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2005, in *In re Metropolitan Securities Litigation*, No CV-04-0025-FVS (Consolidated). I have been given a copy of and have read that Order and agree to be bound by it. I understand that all such Confidential Information and copies thereof, including, but not limited to, any notes or other transcripts made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

DATED:_____    _____

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>9th</u> day of March, 2006.

                            s/ Fred Van Sickle
                            Fred Van Sickle
                            United States District Judge

ORDER APPROVING STIPULATED PROTECTIVE ORDER - 11